## HENRY C. BROWN *vs.* JAMES WAKEFIELD.

In an action of contract, the declaration alleged " that the defendant made a promissory note, a copy of which, with the indorsements thereon, is hereto annexed; and the defendant owes the plaintiff the balance of said note and interest thereon." The copy annexed was of a note, dated more than six years before the commencement of the action, and having indorsed on it acknowledgments of part payments made on the note within six years. The defence set up in the answer was the statute of limitations. *Held,* that the fact of part payment within six years of the commencement of the action was not alleged with such substantial precision and certainty as to be deemed to be admitted by the defendant, within *St.* 1852, *c.* 312, § 26.

ACTION OF CONTRACT, commenced on the 6th of June 1853. The declaration was thus: " The plaintiff says that the defend·

ant made a promissory note, a copy of which, with the indorse-ments thereon, is hereto annexed, payable to one Darius Chap-man or order; and the said Chapman indorsed the same to the plaintiff. And the defendant owes the plaintiff the balance of said note and interest thereon." The copy annexed was as fol-lows: " $100. Lee, October 12, 1846. Three months after date 1 promise to pay Darius Chapman or order one hundred dollars, for value received, at the Lee Bank. James Wakefield." (Indorsed) " Darius Chapman." " Received, June 5, 1848, on the within note, twenty five dollars, $25." " Received, Lee, May 18, 1848, on the within note, ten dollars, $10."

The only ground of defence set forth in the answer was, " that the action, at the time it was commenced, was barred by the statute of limitations."

Trial in the court of common pleas, before *Bishop*, J. who signed the following bill of exceptions: " The plaintiff intro-duced the note described in his declaration, and rested his case. No evidence was introduced on the part of the defendant. The plaintiff contended that the declaration contained the allegation, substantially, that the defendant had made payments upon said note, corresponding in time and amount to the indorsements upon the note; that the action being brought to recover the balance due upon the note, this allegation was a material part of the declaration, or a substantive fact; that, as none of the facts stated in the declaration were denied in the defendant's answer, he was by the express terms of the statute, (*St.* 1852, *c.* 312, §§ 14, 26,) to be deemed to have admitted them; that he had thus admitted the facts of the payments indorsed upon said note; and as these payments appeared to have been made within six years next before the date of the writ, the statute of limita-tions was not a bar to the action. And the plaintiff requested the court to instruct the jury that upon these facts they should return a verdict for the plaintiff.

" But the court declined so to instruct the jury, but did instruct them, that, as the note in suit appeared to have been made more than six years before the date of the writ, and the plaintiff had proved no payment upon said note within six years, nor any

other fact sufficient in law to take the case out of the operation of the statute, that statute was a bar to the recovery by the plaintiff; and directed them to return a verdict for the defendant, which was accordingly done. To this ruling and direction of the court the plaintiff excepts."

*M. Wilcox,* for the plaintiff. The declaration is in the exact form authorized by the practice act. *St.* 1852, *c.* 312, § 2, *cl.* 9, & § 84. The copy of the note and indorsements, annexed to the declaration, becomes a part of it. And the declaration, including said copy, substantially alleges the making of the note; that part payments have been made thereon according to the indorsements; and that the defendant owes the plaintiff the balance of the note and interest thereon, which last allegation also implies that part payments have been made on the note. The answer does not deny in clear and precise terms either of these allegations; and they must therefore be deemed to be admitted. *St.* 1852, *c.* 312, §§ 14, 26. The provision of § 18, that " when the answer shall set up the statute of limitations or the statute of frauds or any other legal bar, the defendant shall not be deprived of the benefit of such defence by reason of his not denying the facts set forth in the declaration," does not allow the defendant to dispute the truth of the facts alleged, but only secures to a defendant, admitting by his silence all the facts stated in the declaration, the benefit of the legal bar which over-rides those facts. See note of commissioners to practice act of 1851, § 31, Hall's Pract. 171.

*J. E. Field,* for the defendant.

MERRICK, J. The question presented in the bill of exceptions is of considerable practical importance. It involves a considera-tion and construction of some of the provisions of the recent statute relative to the mode of procedure in civil actions. *St.* 1852, *c.* 312.

The declaration is in the words of one of the model forms accompanying or added to the statute. It alleges that the defendant made a note, of which a copy, with the indorsements upon it, is annexed; and that he owes the plaintiff the balance due upon it. None of the allegations contained in the declara

tion are denied by the defendant in his answer; but he sets up, in his defence, the statute of limitations, as a legal bar to the maintenance of the action. This he may well do, for it is expressly provided, that the omission of or failure to make any such denial shall not deprive a party of this or certain other grounds of defence. *St.* 1852, *c.* 312, § 18.

To avoid the effect of the statute of limitations thus set up by the defendant, the plaintiff relies upon certain payments in part satisfaction and discharge of the note, which he insists were made by the defendant within six years next previous to the day on which the action was commenced. He produced upon the trial no testimony or extrinsic evidence of any such payments ; but he contends, that it was unnecessary for him to do so, because the fact that they had been made must, as a legal consequence from the pleadings in the case, be deemed to have been admitted by the defendant. This conclusion depends upon the assumption, that an averment of indebtedness for the balance due upon a note, which, with the indorsements upon it, is annexed to the declaration, is a substantial allegation, that payments have been made by the defendant at the time and in the sums expressed in those indorsements. If this conclusion is correct, the plaintiff has undoubtedly a right to avail himself of it for all legitimate purposes.

The statute provides, that any substantive fact alleged with substantial precision and certainty by either party, and not denied in clear and precise terms by the other, shall be deemed to be admitted. § 26. By this phraseology, the legal admission to be deduced from the answer of a party, and for which he is to be held responsible, is carefully expressed and restricted. It is limited, in the first place, to those facts which in relation to the issue to be tried are " substantive ; " and in the next, to those substantive facts only which are " alleged with substantial precision and certainty." These exact limits can be enlarged by no true or just interpretation of the language of the statute. In another and previous part of the same section, which contains these provisions, courts and judicial officers are admonished to give such a construction to all the allegations and denials of

parties as will, as far as possible, discourage vagueness and loose generalities. Acting under such an admonition, there can be no doubt that it is the duty of the courts of law to restrain and confine the admission, which a party, by his failure or omission to deny the allegations of his adversary, shall be held to have made, to those averments only which are set forth in terms clear, full, unambiguous, and with legal precision. Such failure or omission is no concession at all in relation to facts not thus distinctly asserted and affirmed.

Upon this construction of the provisions of the statute, there is no difficulty in determining the question presented in the bill of exceptions. The alleged payments relied upon by the plaintiff, in avoidance of the bar set up by the defendant, are undoubtedly "substantive facts;" for the decision of the issue made by the parties, and the disposition of the whole cause, depend upon the proof concerning them. But they are not alleged with "precision and certainty." Indeed, they can hardly be considered as being alleged at all. The plaintiff states the making of the note by the defendant, and his indebtedness for the balance due upon it, with sufficient clearness and accuracy. But the payments indicated by the indorsements on the note constitute no part of his claim or of the cause of action upon which he declares; and he does not set them forth as the ground upon which he would maintain it. They are concessions in diminution of his claim, admissions of his own against it; rather than allegations in its support, which need to be answered or repelled. They cannot therefore be deemed to have been admitted by the failure of the defendant to deny, in his answer to the declaration, that he made them. *Exceptions overruled.*